UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------- x
SONYA WHITTEN LATIMORE,

                      Plaintiff,

    -against-

NBC UNIVERSAL, INC., d/b/a NBC UNIVERSAL
TELVISION DISTRIBUTION; NBC UNIVERSAL
TELEVISION STUDIO; 3 BALL PRODUCTIONS, INC.;
REVEILLE, LLC; BEN SILVERMAN; 25/7 PRODUCTIONS,
LLP; DANIEL TIBBETS; TWENTIETH TELEVISION, INC.;
SHINE LIMITED; ANDREW HILL; KIM FULLER,
individually and as partner of McCreary & Fuller Public
Relations Corp.; and DOES 1 through 50, inclusive,

                      Defendants.
-------------------------------------------------------------------------------- x

**ORDER EXPLAINING THE EFFECT OF A MOTION TO DISMISS**

07 Civ. 9338 (AKH)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/7/08

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendants 3 Ball Productions, Inc. and 25/7 Productions, LLC have moved for dismissal of Plaintiff's complaint pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. The Court issues this order to explain to the *pro se* Plaintiff the consequences of such a motion.

        By bringing this motion, the Defendants have asked the Court to decide that Defendants are not subject to this Court's jurisdiction because they do not have sufficient contacts with New York State. As a result, Defendants claim that they may not be sued in federal district court in New York State. Relatedly, Defendants also asked the Court to decide that Plaintiff filed her suit in the wrong place, alleging that New York State is an improper venue. If Defendants' motion is granted, either a judgment will be entered in Defendants' favor, dismissing the complaint as against 3 Ball Productions, Inc. and 25/7 Productions, LLC, or the Court will transfer the action to a more appropriate forum. Thus, it is important that Plaintiff review Defendants' motion and respond if she wishes to rebut Defendants' arguments and to

1

provide support for her decision to file this action in the Southern District of New York against these Defendants.

In deciding Defendants' motion, the Court will not determine whether Plaintiff's factual allegations are true, but instead will focus on whether it can exercise jurisdiction properly over these Defendants and whether the case against these Defendants belongs more properly in a Court in a different geographic location. If Plaintiff's allegations do not support this Court's exercise of jurisdiction over Defendants 3 Ball Productions, Inc. and 25/7 Productions, LLC, or if the claim does not belong in this federal court, her action will be either dismissed against these two Defendants or transferred to some more appropriate venue.

Any papers Plaintiff wishes to submit in opposition to Defendants' motion must be filed with the Court by May 19, 2008. No additional adjournments will be granted. Defendants' reply shall be filed by May 30, 2008.

Finally, Plaintiff is advised that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007, telephone number (212) 805-0175, may be of assistance in connection with court procedures. Please note that the Pro Se Office cannot give legal advice.

SO ORDERED.

Dated:   April 7, 2008
         New York, New York

                                            _____
                                            ALVIN K. HELLERSTEIN
                                            United States District Judge