UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

SONYA WHITTEN LATIMORE,                                    :
                                                           :     **ORDER DENYING**
                                        Plaintiff,         :     **MOTION OF DEFENDANT**
           -against-                                       :     **NBC UNIVERSAL, BUT**
                                                           :     **DISMISSING COMPLAINT**
NBC UNIVERSAL, INC., d/b/a NBC UNIVERSAL                    :     **SUA SPONTE**
TELEVISION DISTRIBUTION; NBC UNIVERSAL                      :
TELEVISION STUDIO; 3 BALL PRODUCTIONS, INC.;               :     07 Civ. 9338 (AKH)
REVEILLE, LLC; BEN SILVERMAN; 25/7 PRODUCTIONS,            :
LLP; DANIEL TIBBETS; TWENTIETH TELEVISION, INC.;           :
SHINE LIMITED; ANDREW HILL; KIM FULLER,                    :
individually and as partner of McCreary & Fuller Public    :
Relations Corp.; and DOES 1 through 50, inclusive,         :
                                                           :
                                        Defendants.        :

------------------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

> Defendant NBC Universal, Inc. and related defendants move, upon the
complaint and answer and pursuant to Federal Rule of Civil Procedure 12(c), to dismiss
the complaint for failure to state a claim.  The ground set out in supporting papers is the
absence of copying as a matter of law.  The motion is denied.

> Plaintiff alleges three claims in her complaint, the third of which is alleged
against the NBC defendants.  I summarize briefly each of plaintiff's three claims.

> The first claim is for breach of implied contract, between plaintiff and
defendant Kim Fuller, alleged to be a partner of a public relations company, McCreary &
Fuller.  Plaintiff alleges that, in or about December 2003, she "personally developed a
written and original Treatment for a new, prime time, weight loss reality television show
entitled 'Phat Farm.'"  She alleges that a friend referred her to Mr. Fuller to be her agent,
to pitch her proposal to a television studio, that she engaged Fuller, that Fuller sent
plaintiff's proposal to one or more of the defendants, that "one or more of the defendants"

"usurped" plaintiff's proposal, copying "substantial and integral material" to become "the format" and "the ideas" for NBC's television show "Biggest Loser," and that the show debuted October 19, 2004 on the NBC Television Network. Plaintiff alleges a claim against Fuller for breaching a condition of the contract to "compensate" plaintiff for the ideas contained in her proposal, as an "implied promise" in an oral contract to pay plaintiff the reasonable value for her ideas. Plaintiff alleges that Fuller became plaintiff's partner.

Plaintiff's second claim, for "breach of confidence," also against defendant Fuller, is essentially the same claim as the first claim.

Plaintiff's third claim is for copyright infringement. Plaintiff alleges that she registered her proposal, called "the Treatment," on January 1, 2004 with the Writer's Guild of America, East, that her material was "wholly original" with her, that the defendants (presumably, all of them) "knowingly, willfully and directly" copied "material themes, plots, stories, characters and ideas" and "usurped" them in the NBC television series, "The Biggest Loser," passing the show off as their "original material," violating plaintiff's rights and becoming liable to plaintiff for infringement.

Defendants' motion asks me to compare DVDs of the shows with plaintiff's proposal. I am not able to do that. Comparing television shows to a detailed, four-page proposal requires a detailed showing, preferably by an expert capable of describing ideas, characters and format in the public sphere and comparing such with material as to which copyright is claimed. In addition, defendants allege access and copying, issues that must be explored in discovery. Defendants' "12(c)" motion is

2

premature.  I decline to convert the motion into a Rule 56 motion.  The motion is denied without prejudice.

My examination of the papers has revealed more fundamental flaws in the complaint, which compel me to dismiss it, on my own motion, with leave to re-plead.

Claims one and two are based on diverse citizenship, for breach of State law, either New York or California.  Plaintiff alleges an agency relationship with Fuller, formed orally, with Fuller being required to "pitch" plaintiff's proposal to television studios.  That is what Fuller did.  That the studios may have copied the proposal has nothing to do with Fuller.  A breach of contract by Fuller has not been alleged.  That deficiency is fatal to the first and second claim.

The basis of jurisdiction against Fuller is diverse citizenship.  Fuller is alleged to have acted for her company, McCreary & Fuller, so the company, not Fuller himself, is the party to be charged.  See Morris v. State Dep't of Taxation & Fin., 82 N.Y.2d 135, 141-42 (1993).  McCreary & Fuller is alleged to be a New York corporation, and plaintiff alleges that she is a citizen of New York.  Hence, there is no diversity.  In addition, the jurisdiction threshold amount has not been alleged.  The deficiencies are fatal for jurisdiction against Fuller and Fuller's company, McCreary & Fuller.

The third claim alleges a claim for copyright infringement.  Copyright registration is not alleged.  Registration, under 17 U.S.C. §§ 409, 410, is to be with the Register of Copyrights, not the Writers' Guild of America, and registration or pre-registration of the copyrightable material with the Register of Copyrights is a pre-condition to a lawsuit for infringement.  17 U.S.C. § 411.  Plaintiff's deficient allegations are fatal to the third claim for relief.

Accordingly, the complaint is dismissed, but with leave to re-plead to correct the deficiencies by May 26, 2009.  In re-pleading, plaintiff shall also take note of the three-year statute of limitations provided by 17 U.S.C. §507(b).

The Clerk shall terminate motion no. 22.

SO ORDERED.

Dated:      New York, New York
            May 11 2009

ALVIN K. HELLERSTEIN
United States District Judge

4